**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **WILLIE R. ROBINSON, #A68230,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **Case No. 20-00432-SMY** |
| ) | |
| **MATTHEW SWALLS,** ) | |
| **SANTOS, and** ) | |
| **KIMBERLY BIRCH,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Willie R. Robinson, an inmate of the Illinois Department of Corrections, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. He asserts violations of the Eighth and Fourteenth Amendments and seeks monetary damages and injunctive relief. (Doc. 1).

This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

### The Complaint

Plaintiff makes the following allegations in his Complaint (Doc. 1): Plaintiff contracted a skin rash below his knees while he was being housed at Danville Correctional Center ("Danville")

in late 2015.  Dr. Lochard[1] diagnosed Plaintiff as having eczema and provided a cream to treat his skin condition. The cream did not resolve his condition.

Plaintiff was transferred to Centralia Correctional Center ("Centralia") on November 16, 2016.  At Centralia, Plaintiff's rash was examined by Dr. Santos who concurred with Dr. Lochard's diagnosis of eczema.  Dr. Santos prescribed a different cream to treat Plaintiff's eczema.  However, Plaintiff's condition did not improve over the next two years.

Plaintiff was transferred to Vienna Correctional Center ("Vienna") on February 1, 2019. In March 2019, Plaintiff was examined by Dr. Birch who agreed that his skin condition was eczema.  Dr. Birch re-prescribed the cream previously given to him by Dr. Lochard but the cream did not work and Plaintiff's condition worsened.

In June 2020, Plaintiff was diagnosed with cellulitis and "ichothesis vulgaris" due to the living quarters at Vienna being infested with mold.  Plaintiff was admitted to the prison infirmary and given IV antibiotics and other medications which resolved his symptoms.  The symptoms returned within a few days of Plaintiff's release from the infirmary and he sent Dr. Birch a request slip to be seen.  Approximately ten days later, Plaintiff was seen by a nurse practitioner and provided antibiotics and other medications.  The problem persisted and Plaintiff sent several sick call requests to Dr. Birch.

Plaintiff was seen in the health care unit on August 25, 2019 for pain from a lump on his left knee.  The med tech looked at the lump and sent Plaintiff back to his housing unit without treatment.  The pain continued and, on September 3, 2019, Plaintiff was seen by Dr. Birch.  Dr. Birch incised the lump and discovered it was an infection.  Plaintiff was given an antibiotic shot and other medication.  His symptoms persisted and he continued to seek treatment for his skin

---

[1] Dr. Lochard was previously dismissed when this case was pending in the Central District of Illinois.  (Doc. 7).  After his dismissal, the case was transferred to this district pursuant to 28 U.S.C. § 1404(a) and 28 U.S.C. § 1406.

conditions but received no relief from the treatments offered by Dr. Birch. Plaintiff asked to be seen by an "outside specialist," but Dr. Birch denied his request. He filed detailed grievances about his ongoing medical care issues and the mold issues, which Warden Swalls reviewed.

Plaintiff went on a 2-day hunger strike on October 28, 2019 and again on November 17, 2019. Warden Swalls came to his cell on November 20, 2019 to discuss the hunger strike and his medical issues. Warden Swalls told Plaintiff he would look into the situation but he did not think a hunger strike would resolve the issue. Correctional officers convinced Plaintiff to end his hunger strike two days later. As of December 9, 2019, Plaintiff was still suffering without any relief.

Based on the allegations in the Complaint, the Court designates the following claims in this *pro se* action:

> Count 1: Eighth Amendment claim against Dr. Santos for deliberate indifference to Plaintiff's serious medical needs related to his skin conditions from November 2016 to February 2019.
>
> Count 2: Eighth Amendment claim against Dr. Birch and Warden Swalls for deliberate indifference to Plaintiff's serious medical needs related to his skin conditions from February 2019 to December 2019.
>
> Count 3: Eighth Amendment conditions of confinement claim against Warden Swalls for the unsanitary living conditions at Vienna.
>
> Count 4: Fourteenth Amendment due process claim against Warden Swalls.

Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

## **Preliminary Dismissals**

Plaintiff refers to individuals in his statement of claim who are not named as defendants in

3

the case caption. Federal Rule of Civil Procedure 10(a) requires the names of all parties to be included in the case caption. Therefore, any claims intended against the individuals not identified in the case caption are dismissed without prejudice. *See Myles v. United States*, 416 F.3d 551, 551–52 (7th Cir. 2005).

## Discussion

### Counts 1 and 2

Prison officials and medical staff violate the Eight Amendment's prohibition against cruel and unusual punishment when they act with deliberate indifference to a prisoner's serious medical needs. *Rasho v. Elyea*, 856 F.3d 469, 475 (7th Cir. 2017). To state a claim, a prisoner must allege facts suggesting that (1) he suffered from an objectively serious medical condition, and (2) the defendant acted with deliberate indifference to his medical needs. *Id.* "[D]eliberate indifference may be found where an official knows about unconstitutional conduct and facilitates, approves, condones, or turns a blind eye to it." *Perez v. Fenoglio*, 792 F.3d 768, 781 (7th Cir. 2015). Plaintiff's states a viable deliberate indifference claim in Count 1 against Dr. Santos and against Dr. Birch and Warden Swalls in Count 2.

### Count 3

Prison conditions that deprive inmates of basic human needs—food, medical care, sanitation, or physical safety—may violate the Eighth Amendment. *James v. Milwaukee Cnty.*, 956 F.2d 696, 699 (7th Cir. 1992). Plaintiff states a viable unconstitutional conditions of confinement claim in Count 3 against Warden Swalls.

### Count 4

Plaintiff states he is bringing a due process claim against Warden Swalls but does include any factual allegations to support such a claim. His conclusory statement is insufficient to state a

4

claim. *Twombly*, 550 U.S. at 570 (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."); *Brooks v. Ross,* 578 F.3d 574, 581 (7th Cir. 2009) ("courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements").  Accordingly, Count 4 will be dismissed.

### Injunctive Relief

Plaintiff's Complaint includes a request for injunctive relief.  The Court directed Plaintiff to file a separate motion on or before June 18, 2020 or his request for preliminary injunctive relief would be denied without prejudice.  (Doc. 12).  Plaintiff did not file a motion.  Further, Plaintiff is no longer incarcerated at Centralia or Vienna, where the events giving rise to this action occurred.  Therefore, any request for injunctive relief is moot.  *Lehn v. Holmes*, 364 F.3d 862, 871 (7th Cir. 2004) ("[W]hen a prisoner who seeks injunctive relief for a condition specific to a particular prison is transferred out of that prison, the need for relief, and hence the prisoner's claim, become moot.").  Accordingly, Plaintiff's claim for injunctive relief will be dismissed.

### Official Capacity Claims

Plaintiff alleges claims against each Defendant in his or her individual and official capacities.  (Doc. 1, p. 2).  However, he cannot proceed with claims for monetary damages against the Defendants in their official capacities.  Rather, if a plaintiff seeks monetary damages against a state official, he must bring the suit against the official in his or her individual capacity.  *Brown v. Budz*, 904 F.3d 904, 918 (7th Cir. 2005); *Shockley v. Jones*, 823 F.2d 1068, 1070 (7th Cir. 1987).  Accordingly, the official capacity claims against Defendants will be dismissed.

### Disposition

Count 4 is **DISMISSED without prejudice**.  The official capacity claims and injunctive

relief claims are **DISMISSED with prejudice**. The following claims will proceed in this action: Count 1 against Dr. Santos; Count 2 against Kimberly Birch and Matthew Swalls; and Count 3 against Swalls.

The Clerk of Court shall prepare for Santos, Kimberly Birch, and Matthew Swalls: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to file an appropriate responsive pleading to the Complaint in a timely manner and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C.

§ 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

Finally, based on the allegations in the Complaint, the Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

**IT IS SO ORDERED.**

**DATED:  October 30, 2020**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the Defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, Defendants will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the Defendants' Answer, but it is entirely possible that it will take **90 days** or more. When Defendants have filed their Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.