IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **WILLIE R. ROBINSON,** | |
| **Plaintiff,** | |
| v. | Case No. 20-CV-00432-SPM |
| **MATTHEW SWALLS, VENERIO SANTOS, and KIMBERLY BIRCH,** | |
| **Defendants.** | |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Plaintiff Willie R. Robinson, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), alleges that Defendants Warden Matthew Swalls, Dr. Venerio Santos, and Dr. Kimberly Birch were deliberately indifferent to his serious medical needs due to a skin condition.[1] According to Defendants Santos and Birch, Robinson's claims against them cannot proceed because he failed to exhaust his administrative remedies before filing suit.

### FINDINGS OF FACT

Robinson alleges that in late 2015, he contracted a skin rash below his knees while he was being housed at the IDOC's Danville Correctional Center. He claims he was treated by Dr. Lochard at Danville, Santos when he transferred to Centralia Correctional Center on November 16, 2016, and Birch when he transferred to Vienna

---

[1] Robinson also has claims against Swalls for an Eighth Amendment conditions of confinement violation for the unsanitary living conditions related to alleged mold in his living quarters at Vienna Correctional Center and a Fourteenth Amendment due process violation (Counts 3 and 4).

Page 1 of 5

on February 1, 2019. Each doctor diagnosed Robinson as having eczema and provided a cream to treat his skin condition. Robinson claims that the creams did not resolve his condition.

Robinson states he was seen in the health care unit at Vienna in August 2019 for pain from a lump on his left knee. The med tech looked at the lump and sent Robinson back to his housing unit without treatment. The pain continued and, in September 2019, Robinson was seen by Birch. Birch incised the lump and discovered it was an infection. Robinson was given an antibiotic and other medication. His symptoms persisted and he continued to seek treatment for his skin conditions but received no relief from the treatments offered by Birch. Robinson asked to be seen by an "outside specialist," but Birch denied his request.

In June 2020, Robinson alleged he was diagnosed with cellulitis. He was admitted to the prison infirmary and given IV antibiotics and other medications which resolved his symptoms. The symptoms returned within a few days of Robinson's release from the infirmary and he sent Birch a request slip to be seen. Robinson was then seen by a nurse practitioner and provided antibiotics and other medications. The problem persisted and Robinson sent several sick call requests to Birch. As of December 2019, Robinson was still suffering without any relief.

Robinson filed several grievances about his ongoing medical care issues. He filed a grievance at Centralia regarding his skin condition that was then appealed to the Arbitration Review Board ("ARB") in March 2017. The grievance did not allege any improper treatment by any physician. Robinson filed a grievance at Vienna

regarding a "lump on his leg" in September 2019, but an appeal to the ARB was received more than 30 days after the decision from the correctional center was received. Robinson filed another grievance at Vienna regarding his skin condition in November 2019, which was appealed to the ARB, but he did not allege any improper treatment by any physician.

Robinson filed one other grievance after transferring to Shawnee Correctional Center in December 2019. But Robinson filed this lawsuit prior to an appeal and ruling from the ARB. The ARB did not receive the appeal of the grievance until July 2020, after this lawsuit was filed in May 2020. Robinson admitted as much in his Complaint, stating "the grievance process at Shawnee CC is not entirely complete; it is in its 2nd stage" (Doc. 1, p. 11).

### LEGAL STANDARDS

**A. Summary Judgment**

Motions for summary judgment are governed by Federal Rule of Civil Procedure 56. "Summary judgment is proper if the pleadings, discovery materials, disclosures, and affidavits demonstrate no genuine issue of material fact such that [Defendants are] entitled to judgment as a matter of law." *Wragg v. Village of Thornton*, 604 F.3d 464, 467 (7th Cir. 2010); FED. R. CIV. P. 56(c).

**B. Exhaustion of Administrative Remedies**

The Prison Litigation Reform Act ("PLRA") requires prisoners to exhaust all administrative remedies before bringing suit under 42 U.S.C. § 1983. 42 U.S.C. § 1997e(a); *Dole v. Chandler,* 438 F.3d 804, 808 (7th Cir. 2006). Proper exhaustion

requires an inmate to "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).

Under the procedures set forth in the Illinois Administrative Code, an inmate is required to file a written grievance within 60 days of the "incident, occurrence or problem that gives rise to the grievance." 20 ILL. ADMIN. CODE § 504.810(a). The grievance must be filed with the inmate's counselor, unless certain discrete issues are being grieved. *Id*. If the complaint is not resolved through a counselor, the grievance is considered by a grievance officer who must render a written recommendation to the CAO (usually the Warden) within two months of receipt, "when reasonably feasible under the circumstances." *Id*. at § 504.830(e). The Warden then advises the inmate of a decision on the grievance. *Id*.

An inmate may also file an emergency grievance that is forwarded directly to the Warden. *Id*. at § 504.840. If "there is a substantial risk of imminent personal injury or other serious or irreparable harm to the offender," consideration of the grievance will be expedited. *Id*. at § 504.840(a) and (b). An inmate may appeal the Warden's decision to the IDOC Director. *Id*. at § 504.850(a). The appeal must be in writing, must be directed to the ARB, and must be received by the ARB within 30 days of the date of the Warden's response. *See also Dole v. Chandler*, 438 F.3d 804, 806-07 (7th Cir. 2006). The ARB will submit a written report of its findings and recommendations to the Director who shall review the same and make a final determination within six months of receipt of the appeal. *Id*. § 504.850(d) and (e).

### DISCUSSION

Because Robinson did not file a response to the motion, the facts presented by Defendants Santos and Birch are uncontroverted. As there are no disputes of fact, the Court finds that an evidentiary hearing is not needed in this case. Defendants Santos and Birch have established that Robinson had access to the grievance process, but his grievances are either factually inadequate when compared to his medical allegations in this case or procedurally inadequate. The Court concludes, therefore, that Robinson did not exhaust his administrative remedies as to the claims against Defendants Santos and Birch prior to filing suit. Accordingly, Defendants Santos and Birch are entitled to summary judgment.

### CONCLUSION

Consequently, the Motion for Summary Judgment (Doc. 50) is **GRANTED**. Defendants Venerio Santos and Kimberly Birch are **DISMISSED without prejudice**. Count 1 is, therefore, **DISMISSED**. Count 2 will proceed against Defendant Matthew Swalls only. The Clerk of Court is **DIRECTED** to terminate Santos and Birch as parties to this suit.

**IT IS SO ORDERED.**

**DATED:  May 28, 2021**

s/ *Stephen P. McGlynn*
STEPHEN P. McGLYNN
U.S. District Judge
