IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIE R. ROBINSON,<br><br>**Plaintiff,**<br><br>v.<br><br>MATTHEW SWALLS<br><br>**Defendant.** | Case No. 20-cv-00432-SPM |

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Plaintiff Willie R. Robinson has filed a Motion Objecting to the Dismissal of Defendants Venerio Santos and Kimberly Birch (Doc. 62), a Motion to Reconsider Dismissal of Claims (Doc. 68), a Motion for Change of Venue (Doc. 65), a second Motion for Change of Venue (Doc. 66), and a Motion for Status Regarding the Motions for Change of Venue and Appointment of Counsel (Doc. 67).

### RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

This matter arises from grievances filed by Robinson under 42 U.S.C. § 1983 related to allegations of mistreatment by various individuals within the Illinois Department of Corrections. On May 28, 2021, this Court granted summary judgment as to Defendants Santos and Birch on the basis that Robinson failed to exhaust his administrative remedies prior to filing suit. Robinson filed his Motion Objecting to the Dismissal of Defendants Venerio Santos and Kimberly Birch on June 3, 2021 (Doc 62) as well as a Motion to Reconsider Dismissal of Claims on September 14, 2021 (Doc. 68). Additionally, Robinson filed two (identical) motions to change venue on

June 11, 2021 (Doc. 65) and June 25, 2021 (Doc. 66). Robinson also filed a Motion for Status (Doc. 67) on his change of venue and appointment of counsel motions

## APPLICABLE LAW AND LEGAL STANDARDS

### I. Motion for Reconsideration

"A motion to reconsider is proper where the Court has misunderstood a party, where the Court has made a decision outside the adversarial issues presented to the Court by the parties, where the Court has made an error of apprehension (not of reasoning), where a significant change in the law has occurred, or where significant new facts have been discovered." *Battle v. Smoot*, 2018 WL 2604855, at *2 (S.D. Il. June 4, 2018).

### II. Motion for Change of Venue

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404. 28 U.S.C. § 1404(a) "[i]s intended to place discretion in the district court to adjudicate motions for transfer according to [a] '. . . case-by-case consideration of convenience and fairness.'" *Research Automation, Inc. v. Schrader-Bridgeport Intern., Inc.*, 626 F.3d 973, 977 (7th Cir. 2010) (quoting *Steward Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)).

## ANALYSIS

### I. Motion for Reconsideration of Summary Judgment Order

In neither his Objection to the Dismissal nor his Motion to Reconsider has Plaintiff put forth any evidence that would lead this Court to reconsider its granting

of summary judgment. Neither document indicates that a significant change in the law has occurred, new facts have been discovered, or that indicate this Court has made an error of apprehension[1] that would deem reconsideration necessary.

Because the Court has not been presented with reasons that necessitate reconsideration, Plaintiff's Motion to Reconsider is **DENIED**.

## II. Motions for Change of Venue

Because Plaintiff is an inmate in the custody of the Illinois Department of Corrections, ("IDOC") currently housed at Shawnee Correctional Center in Vienna, Illinois, and because the events that gave rise to his Complaint occurred in Johnson County, Illinois it would be in the interest of convenience to maintain venue in the Southern District of Illinois. Any alleged witnesses to the activities, medical professionals, etc. that could be called to testify would likely be located in the Southern District of Illinois.

Plaintiff's Motion for Change of Venue is hereby **DENIED**.

## III. Motion for Status.

Because this Court has previously denied Plaintiff's Motion to Appoint Counsel (*see* Doc. 64) and has now denied Plaintiff's Motion for Change of Venue, his Motion for Status is **MOOT**.

### CONCLUSION

For the foregoing reasons, this Court **DENIES** Plaintiff's Motion to Reconsider

---

[1] In his Motion to Reconsider, Mr. Robinson points out that the Court incorrectly listed a date as June, 2020 as opposed to the correct timeframe of June, 2019. This was merely a Scribner's error. The Court's analysis was based on the correct 2019 dates.

and Motions for Change of Venue. The Court finds Plaintiff's Motion for Status to be **MOOT**.

    **IT IS SO ORDERED.**

    DATED:   September 24, 2021

                                                      s/ *Stephen P. McGlynn*
                                                      **STEPHEN P. McGLYNN**
                                                      **U.S. District Judge**